**David Wayne LINEHAN, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

No. 93–SC–432–DG.

Supreme Court of Kentucky.

May 26, 1994.

Daniel T. Goyette, Jefferson Dist. Public Defender, J. David Niehaus, Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for movant.

Chris Gorman, Atty. Gen., Frankfort, C. Lloyd Vest, II, Sp. Asst. Atty. Gen., Louisville, for respondent.

LEIBSON, Justice.

The issues before us concern the accused's right to counsel at a police-initiated interrogation. They arise in the context of an interlocutory appeal to the Kentucky Court of Appeals taken by the Commonwealth pursuant to KRS 22A.020(4). The Commonwealth appealed from an order entered by the Jefferson Circuit Court on July 29, 1992 specifying that a "statement taken from the defendant on February 28, 1992, is suppressed and disallowed for use at trial, in that the defendant had counsel of record."

The facts of the case are as follows: David Linehan is charged with having entered the home of his estranged wife on September 20, 1991, without her permission, and forcing her to engage in sexual intercourse under threat of cutting her with a knife. He was arrested later that day, and after being advised of his *Miranda* rights (*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)), he signed a form waiving those rights, and he made a voluntary statement admitting to unlawful entry but claiming consensual sex. He was indicted for first-degree rape and first-degree burglary on charges arising from the events of this day, arraigned on November 4, 1991, and the local public defender was appointed to represent Linehan on this indictment.

Five months after this first alleged attack, on February 28, 1992, Linehan allegedly engaged in a second series of assaults upon his estranged wife. Allegedly, he accosted her in front of her home, ordered her into his car, and when she refused, assaulted her, forced her into his car, drove her some distance to a lake in Jefferson County, and once there forced himself upon her sexually. He was arrested later that day, advised of his *Miranda* rights, and after executing a form waiving his rights, gave what appears to be a voluntary statement partially incriminating as to these new charges and also suggesting that his purpose in accosting his estranged wife was at least in part to intimidate her regarding the previous charges for which he had already been indicted. On March 5, 1992, Linehan was indicted on new charges with reference to the events of February 28, 1992, of kidnapping, first-degree rape, sec-

ond-degree assault, intimidating a witness, and three counts of first-degree sexual abuse.

■ The public defender's office in Louisville was once again appointed to defend him on the new charges. The indictment on the new charges was initially assigned to a different division of the Jefferson Circuit Court from that in which the indictment on the old charges was pending, but was then ordered to be transferred to the division where the old charges were pending and consolidated with those charges for trial. The Commonwealth's Memorandum of Law in Support of its Motion to Transfer and Consolidate specifies that the joinder of offenses was appropriate under RCr 6.18 which permits such

"... if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

The similarities listed in the Commonwealth's motion included the same victim, the same context (a domestic violence situation and violent sexual acts abusing his estranged wife), the element of "retaliation" involved in the second offense, the offenses began at the same location, and the offenses were only five months apart. Linehan's counsel does not seriously question that a joint trial is proper in this case and that KRE 404(b), which permits a defendant charged with one offense to be incriminated by evidence of other crimes in certain limited and specified circumstances, would seem to apply here. Instead, Linehan argues that, although evidence from independent sources (e.g., from other witnesses) regarding the second set of offenses may be used to prove relevant collateral criminal activity, Linehan's own statement about the circumstances involved in the second set of offenses cannot be used to incriminate him in the trial of the first offenses without violating his constitutional right to have the counsel appointed to represent him present at the police-initiated interrogation.

The statement in question was taken on February 28, 1992. It relates to the circumstances involved in the commission of the offenses specified in the later indictment but it is also circumstantial evidence incrimina-

ting the defendant as to the offenses charged in the earlier indictment upon which the defendant had already been arraigned and counsel appointed. The question before us is whether the statement is inadmissible because to permit its use would sanction violating the defendant's constitutional right to counsel.

The answer is the trial court properly suppressed the use of the statement at a joint trial, but if the Commonwealth elects to try the two indictments separately, the February 28, 1992 statement must be suppressed only in the trial of the September 20, 1991 charges. The statement is admissible in the trial of the February 28, 1992 charges, if tried separately.

Counsel was appointed to represent Linehan when indicted and arraigned on the September 20, 1991 charges, and thereafter he could not be subjected to police-initiated interrogation regarding any evidence incriminating him on the charges for which he had counsel unless his counsel was present. *See Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). This is true even though such interrogation was about later offenses to the extent the evidence gathered from him served to incriminate him about the earlier offenses. The use of the statement as to the September 20, 1991 offenses would violate Linehan's Sixth Amendment right to counsel. As summarized in *McNeil v. Wisconsin*, 501 U.S. 171, 179, 111 S.Ct. 2204, 2209, 115 L.Ed.2d 158, 169 (1991):

"Our holding in *Michigan v. Jackson*, 475 U.S. 625, 89 L.Ed.2d 631, 106 S.Ct. 1404 (1986), ... [is] that after the Sixth Amendment right to counsel attaches and is invoked, any statements obtained from the accused during subsequent police-initiated custodial questioning regarding the charge at issue (even if the accused purports to waive his rights) are inadmissible."

But Linehan had been neither formally charged nor arraigned with reference to the offenses charged in the second indictment at the time he gave his statement to the police on February 28, 1992. So with reference to the offenses later charged in the second indictment, his Sixth Amendment rights did not apply. The Sixth Amendment right to counsel is "offense-specific ... it does not attach until a prosecution is commenced." *McNeil v. Wisconsin, supra*, at 175, 111 S.Ct. at 2207, 115 L.Ed.2d at 166. Thus, with reference to the second set of offenses, Linehan's right to counsel at this February 28, 1992 interrogation was limited to such rights as derived from the Fifth Amendment. This is the so-called "Miranda–Edwards 'Fifth Amendment' right to counsel." *McNeil v. Wisconsin, supra*, at 177, 111 S.Ct. at 2208, 115 L.Ed.2d at 168. Apparently, Linehan has voluntarily waived such rights, and if this is so there is no constitutional barrier to the use of such statements at a separate trial relating solely to the offenses charged in the second indictment.

The Court of Appeals, believing the trial court had erroneously confused the Sixth Amendment right to counsel, which applies to a criminal prosecution, with the Fifth Amendment right of an unrepresented person to counsel, if requested, at a custodial interrogation, reversed the trial court's order that the statement be suppressed and disallowed and remanded to the trial court for further proceedings.

We granted Linehan's motion for discretionary review. We reverse the Court of Appeals and sustain the trial court's order to the limited extent that the statement must be suppressed in any joint trial of the two indictments wherein the statement will incriminate not only as to the new set of offenses but also as to the old offenses. However, in separate trials of the two indictments the statement of February 28, 1992 would be admissible evidence on the new set of offenses occurring that date because Linehan was unrepresented by counsel as to these new charges at the time he was questioned and appears to have voluntarily waived his right to seek the advice of counsel before being interrogated on the new charges or to have counsel present when so interrogated. Thus the answer to the question of whether the February 28, 1992 statement may be used is both yes and no, with "yes" confined to use in a separate trial of the second set of offenses.

Linehan further claims that, because the police who questioned him were aware that he was already indicted and represented by counsel for the earlier offenses, he could not be questioned about new charges which were inextricably intertwined with the old ones unless he was first specifically asked whether he wanted to consult with the attorney already representing him on the previous charges. This takes us one step beyond the constitutional mandate in *Miranda v. Arizona, supra,* and *Edwards v. Arizona, supra.*

On the other hand, the Commonwealth argues that since the statement would be admissible in a separate trial on the second set of charges, it should be admissible if the charges are tried jointly. This would leave us one step short of *Michigan v. Jackson, supra,* and *McNeil v. Wisconsin, supra.* We, of course, intend neither to stop short of the accused's constitutional rights nor to proceed beyond.

The premise underlying the defense counsel's argument is that police questioning of an unrepresented suspect about new offenses when they know of pending charges similar in nature wherein he is represented by counsel constitutes "knowing exploitation by the state of an opportunity to confront the accused without counsel being present." *Maine v. Moulton,* 474 U.S. 159, 176, 106 S.Ct. 477, 487, 88 L.Ed.2d 481 (1985). The situation giving rise to this quote was critically different than present circumstances. There is no reason why the police should forego obtaining a voluntary statement from a person who, after *Miranda* warnings, does not invoke the right to counsel simply because they happen to know the suspect has counsel on other charges. Whether the other charges are similar in character or totally different is irrelevant so long as the new evidence thus obtained is not used against the person in the trial of the old charges. Thus we invoke Sixth Amendment protection as to the statement given, but do not extend the reach of Fifth Amendment protection beyond the constitutional mandate. As stated in *McNeil v. Wisconsin:*

"To invoke the Sixth Amendment interest is, as a matter of *fact, not* to invoke the Miranda–Edwards ['Fifth Amendment'

right to counsel] interest. One might be quite willing to speak to the police without counsel present concerning many [new] matters, but not the matter under prosecution.... '[T]o find that [the defendant] invoked his Fifth Amendment right to counsel on the present charges merely by requesting the appointment of counsel at his arraignment on the unrelated charge is to disregard the ordinary meaning of that request.'" [501 U.S. at 178, 111 S.Ct. at 2209] 115 L.Ed.2d at 168–69. (Citation omitted.) (Emphasis original.)

■ We find no constitutional right, federal or state, precluding police-initiated custodial interrogation on new charges, once *Miranda* warnings have been given and a voluntary waiver obtained, and no reason to imply such a right in order to protect existing rights, so long as the evidence thus obtained is not used to incriminate the accused on old charges for which he already has counsel. The accused is adequately protected by suppressing use of the statement in any trial involving the old charges, whether a separate or joint trial, while permitting use of the evidence thus obtained at a separate trial involving only the new charges.

Likewise, we reject the Commonwealth's argument that, simply because the evidence is admissible as to the new charges, the Commonwealth can bootstrap it past Sixth Amendment protection on the old charges by electing to jointly try the old and new offenses. As the Commonwealth's Brief concedes, in *Michigan v. Jackson, supra,* the United States Supreme Court "fashioned a protective rule" that "once the Sixth Amendment right to counsel has attached and has been invoked, any subsequent waiver during a police-initiated custodial interview is ineffective." However, contrary to the Commonwealth's argument, this protection does not evaporate because joinder is permissible. Constitutional protection cannot be held hostage to trial tactics. The Commonwealth cites *McNeil v. Wisconsin* in support of its argument, but the salient fact in *McNeil* is that statement obtained about the new offenses (the *unrepresented* charges) was *not* offered to incriminate *McNeil* on the old offense (the *represented* charge). The issue

in *McNeil* related solely to suppression in trial of the new "unrelated" charges. *McNeil supra,* 501 S.Ct. at 175, 111 S.Ct. at 2207, 115 L.Ed.2d at 166.

The police and prosecutorial authorities are at liberty to question a willing suspect about new offenses without regard to whether there is prosecution pending on other charges, whether similar or different in nature, but they must be cognizant that the evidence thus obtained may not be used to incriminate him on pending charges wherein he is represented unless his counsel is present.

For the reasons stated, we reverse the decision of the Court of Appeals and affirm the suppression order of the trial court, with the understanding that the trial court's order is interlocutory in character and that the Commonwealth, if the trial court so permits, may elect to sever the indictments for trial. In such event, use of the statement of February 28, 1992 to incriminate the accused on the new offenses would be proper, but use as evidence against him on trial of the first set of offenses is constitutionally impermissible.

STEPHENS, C.J., and LAMBERT, LEIBSON and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which REYNOLDS and SPAIN, JJ., join.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because I disagree with the application of the law to the facts of this case. Even though the majority opinion differentiates between evidence pertaining to the first set of charges, the subsequent holding fails to consider such a distinction.

The majority opinion is correct when it states that the second statement would be allowed in a separate trial regarding the second set of charges. It is also correct when it states that the evidence from the second statement which relates to the first set of charges may not be used in either a separate or joint trial on the first set of charges. However, there is a third possibility which the majority opinion and the trial court did not consider. In a joint trial, testi-mony from a second statement which does not relate to the first set of charges may be admitted without violating the constitutional right of the defendant. This alternative is not considered and for that reason I must dissent.

In addition, I believe that this case is governed by the decision of the United States Supreme Court in *McNeil v. Wisconsin,* 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). As noted in that case, the Sixth Amendment right is offense-specific. It cannot be invoked once for all future prosecutions for it does not attach until a prosecution is commenced, that is, "at or after the initiation of an adversary judicial criminal proceeding." The court goes on to note that the police have an interest in investigating new or additional crimes and to exclude evidence pertaining to charges to which the Sixth Amendment right to counsel had not attached at the time the evidence was obtained, simply because of other charges pending at the time would unnecessarily frustrate the public's interest in the investigation of criminal activities.

Here the defendant was arrested and questioned regarding the February, 1992 charges and no adversarial criminal proceedings concerning those charges had been instituted against him. Consequently, the defendant's Sixth Amendment right to counsel was not violated and the trial court erred by suppressing his incriminating statements regarding the February, 1992 offenses.

The 1991 and 1992 charges are related in the sense that they involve the same victim and similar charges. However, in view of the passage of more than five months between the commission of the first and second offenses, it is clear that the 1992 offenses were separate, distinct and unrelated to the offenses charged in the earlier indictment.

The Court of Appeals was correct in the manner in which it disposed of this case and should be affirmed by this Court.

REYNOLDS and SPAIN, JJ., join in this dissent.