**CAVALIER HOMES OF ALABAMA,**
Appellant,

v.

**Hon. Eddy COLEMAN, Judge, Pike Circuit Court, Division I,**
Appellee.

No. 2005–SC–000160–MR.

Supreme Court of Kentucky.

Dec. 22, 2005.

Jeffrey M. Baldwin, Porter, Schmitt, Jones & Banks, Paintsville, KY, James B. Ratliff, Baird, Baird, Baird & Jones, P.S.C, Pikeville, KY, for Appellant.

Eddy Coleman, Judge, Pike Circuit Court, Pike County Hall of Justice, Pikeville, KY, Lawrence R. Webster, Pikeville, KY, for Appellees.

Opinion of the Court by Chief Justice LAMBERT

The Appellant, Cavalier Homes of Alabama, appeals from the Court of Appeals' dismissal of its petition for extraordinary relief.[1] The underlying action involves a mobile home that Appellee, Cynthia Adkins Damron, purchased from Appellant. Damron filed suit against the Appellant, under various theories of recovery, for damages allegedly sustained to the mobile home during its delivery.

Appellant pled as an affirmative defense the arbitration clause in the parties' written purchase agreement. Appellant moved the trial court to stay proceedings and order arbitration of the matter. After a hearing, the trial court denied Appellant's motion, finding that Appellee did not have actual knowledge of the policy with respect to arbitration. Appellant then sought extraordinary relief in the Court of Appeals. The Court of Appeals held that the Appellant could not obtain relief via an original action in the Court of Appeals because Appellant had a statutory remedy allowing for an immediate appeal.

As the foregoing facts reveal, Appellant sought review of an interlocutory order by

1. CR 81.

means of an extraordinary writ pursuant to CR 81. This Court has long held that appeals are allowed only from final judgments.[2] We have been presented with many appealing arguments and invited to depart from our strict application of the final judgment rule. Nevertheless, we have firmly adhered, even in the face of arguments predicated on extreme expense, delay, etc., to our rule.[3] There are certain rare instances, however, in which an interlocutory appeal is allowed by statutory enactment. One such circumstance is that the Commonwealth is allowed to appeal from an interlocutory order of a trial court whereby evidence is suppressed.[4] The rationale for this, of course, is that unless an appeal is allowed, jeopardy will attach and the Commonwealth will be without a remedy by appeal as it is forbidden from appealing from a judgment of acquittal. Another such circumstance presents here. In 1984, the General Assembly adopted the Uniform Arbitration Act. A provision of that Act, KRS 417.220, expressly provides that "An appeal may be taken from [a]n order denying an application to compel arbitration made under KRS 417.060. . . . The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." Thus, the General Assembly has, by the foregoing enactment, created a statutory interlocutory right of appeal where no such right would otherwise exist. We need not explore the rationale or the wisdom of this enactment. We will take it at face value.

Despite the right of appeal described and acknowledged hereinabove, Appellant in the instant case brought its claim to the Court of Appeals by means of an extraordinary writ application. In the petition for extraordinary relief, Appellant asserted that without relief, it would suffer immediate and irreparable harm and would be without a remedy by appeal. Thus, the grounds asserted amount to a proper statement for extraordinary relief, but the form of relief sought is inconsistent with the statutory remedy allowed. The Court of Appeals recognized this and dismissed the claim as being improper.

Appellant argues that it is entitled to seek whatever form of relief it chooses and that argument is not unappealing. Thus, it would be possible to treat the petition for extraordinary relief as such and hold the Appellant to the required standard. Of course, on that basis, Appellant would surely lose as the statute allowing for an interlocutory appeal defeats the contention that there is no adequate remedy by appeal. In our view, however, better practice is to treat this as the Court of Appeals treated it. Appellant sought appellate review of an interlocutory order and KRS 417.220 gives express directions as to the means to pursue such review. We need not torture the rules relating to extraordinary writs to permit Appellant to stay in court and immediately thereafter, determine that it loses because the statute provides it with an appellate remedy.

Accordingly, we affirm the Court of Appeals' dismissal of Appellant's petition for extraordinary relief.

All concur.

2. CR 54.01; *National Gypsum Company v. Corns*, 736 S.W.2d 325 (Ky.1987).

3. *See e.g., Corns*, 736 S.W.2d 325.

4. KRS 22A.020(4). *See e.g., Linehan v. Commonwealth*, 878 S.W.2d 8 (Ky.1994); *Eaton v. Commonwealth*, 562 S.W.2d 637 (Ky.1978).