**KINDRED HOSPITALS LIMITED PARTNERSHIP, d/b/a Liberty Care Center, et al., Movants,**

v.

**Susan LUTRELL Administratrix of the Estate of Altha Duncan, Deceased, Respondent.**

No. 2006–SC–000093–I.

Supreme Court of Kentucky.

April 20, 2006.

As Corrected June 12, 2006.

Donald L. Miller, II, Robert Y. Gwin, Marcia L. Pearson, Frost, Brown, Todd, LLC, Louisville, KY, Counsel for Movants.

Richard E. Circeo, Wilkes & McHugh, PA, Nashville, TN, Stephen M. O'Brien, III, Savage Garmer Elliott & O'Brien, PLLC, Lexington, KY, Counsel for Respondent.

Opinion of the Court by Justice SCOTT.

The Movants, Kindred Hospitals Limited Partnership,[1] et al., ("Kindred") pursuant to CR 65.09(2), move this Court to vacate or modify the January 25, 2006 Order entered by the Court of Appeals, which denied Kindred's Motion for Interlocutory Relief pursuant to CR 65.07(1). Having reviewed the motions and being otherwise sufficiently informed of the record below, this Court now denies the motion for the relief requested for failure to show extraordinary cause.

The underlying action began when Respondent, Susan Lutrell, daughter and Administratrix for the estate of Altha Duncan, initiated a suit against Kindred alleging a number of causes of action, including negligence and wrongful death.

Kindred filed a motion pursuant to KRS 417.050[2] to dismiss or, in the alternative, to stay litigation pending arbitration of the parties' controversy. The Casey Circuit Court denied Kindred's motion, finding that Respondent did not have express or implied authority to bind her mother, Ms. Duncan (nor her estate), to the provisions of the arbitration agreement signed by Respondent upon admitting Ms. Duncan to a nursing home facility owned by Kindred.

Kindred then sought relief in the Court of Appeals from the interlocutory order of the Casey Circuit Court entered on October 7, 2005, denying their motion to dismiss or to stay litigation pending alternative dispute resolution (ADR) proceedings. Movants styled their appeal as a motion for interlocutory relief pursuant to CR 65.07. The Court of Appeals, however, denied the motion for having been improperly taken.

Kindred has asked this Court for interlocutory relief pursuant to CR 65.09, which provides, in pertinent part, that

[a]ny party adversely affected by an order of the Court of Appeals in a proceeding under Rule 65.07 or Rule 65.08 may within five (5) days after the date on which such order was entered, move the Supreme Court to vacate or modify it. The decision whether to review such order shall be discretionary with the Supreme Court. *Such a motion will be entertained only for extraordinary cause shown in the motion.*

(Emphasis added).

Thus, we will only address Kindred's claims for relief where extraordinary cause

1. Movant, Kindred Hospital Limited Partnership, d/b/a Liberty Care Center, notes in its motion for relief to this Court that it has been incorrectly named in the complaint and that its correct name is Kindred Nursing Centers Limited Partnership.

2. This statute is part of the Kentucky Uniform Arbitration Act (KUAA), KRS 417.045—.240.

is shown. On this issue, we note several of this Court's previous opinions addressing "extraordinary cause."

This Court recently addressed the requirement of "extraordinary cause" in *National Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77 (Ky.2001). In that case, we held that "[w]hile additional review by this Court is limited to those cases which demonstrate 'extraordinary cause,' abuses of discretion by the courts below can supply such cause." *Id.* at 84 (citations omitted).

■ In other cases, however, we have found extraordinary cause to be lacking. In *Oakwood Mobile Homes, Inc. v. Sprowls*, 82 S.W.3d 193, 197 (Ky.2002), we found that a party's criticisms of the civil procedure rules providing for appellate review of interlocutory relief in the Court of Appeals and the Supreme Court did not establish the requisite "extraordinary cause." In *Sprowls*, the Movant scarcely addressed the issue of whether the trial court abused its discretion when it denied Movants' motion to compel arbitration.

As in *Sprowls, supra*, Kindred scarcely, if ever, addresses the trial court's decision and whether it abused its discretion. We find here that Kindred has failed to show extraordinary cause as CR 65.09 requires. We thus affirm the decision of the Court of Appeals, although for different reasons set out herein.

In its order denying interlocutory relief for Kindred, the Court of Appeals, citing an earlier decision, held that CR 65.07 was not a proper mechanism for a party to appeal a trial court's denial of an application to compel arbitration and that a notice of appeal was required. Specifically, the Court of Appeals stated that

> [i]t is clear that this Court dismissed the notice of appeal taken in *Bridgestone/Firestone* [*v. McQueen*, 3 S.W.3d 366 (Ky.App.1999)] because the underlying matter, an employment dispute, was not governed by the provisions of the UAA. This then left CR 65.07 as the only mechanism by which to appeal from an order that was not favorable to arbitration since the order, being of an interlocutory nature, was subject to the same rule applying to any other order that only a final order may be taken on appeal.... [M]ovants chose the provisions of CR 65.07 to present their challenge to this Court and, in doing so, they chose a form of relief that is inconsistent with the remedy provided under KRS 417.220.

(Citations omitted).

The Kentucky Uniform Arbitration Act ("KUAA") provides for appeals from "[a] judgment or decree entered pursuant to the provisions of [KRS Chapter 417]."[3] KRS 417.220(1)(f). KRS 417.220(2) provides that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." The Court of Appeals reads this as requiring a notice of appeal as if from a final judgment and has found the mechanism

---

**3.** In this case, the Casey Circuit Court denied Kindred's motion to stay litigation pending arbitration because the court found the arbitration agreement was signed by a person with no authority to bind Ms. Duncan or her estate. The court's decision was made pursuant to KRS 417.050, which provides, in pertinent part, that "[a] written agreement to submit any existing controversy to arbitration or a provision in written contract to submit to arbitration any controversy thereafter arising ... is valid, enforceable and irrevocable *save upon such grounds as exist at law for the revocation of any contract.*" (Emphasis added).

provided in CR 65.07 to be inappropriate in these circumstances. In citing its earlier decision in *Bridgestone/Firestone, supra,* the Court of Appeals draws a distinction between appeals involving arbitration disputes in the employment context, which are specifically exempt from KUAA, and arbitration disputes that fall under the provisions of KUAA. Although the Court of Appeals was correct in denying Kindred's CR 65.07 motion, we find that the court's reading and application of KRS 417.220 is misplaced.

In requesting interlocutory relief pursuant to 65.07, a party is arguing that, by granting or denying an injunction under CR 65.04, the trial court's decision is not based on substantial evidence and is clearly erroneous. *See National Collegiate Athletic Ass'n v. Lasege,* 53 S.W.3d 77 (Ky.2001). However, the burden placed on an aggrieved party in requesting relief pursuant to 65.07 is high. Indeed, a trial court will only grant an injunction where it is clearly shown that, among other things, "the movant will suffer immediate and irreparable injury, loss, or damage pending a final judgment." CR 65.04. Thus, the Court of Appeals will only reverse where the movant can show such injury or loss will occur in light of the trial court's decision. Similarly, this Court will only entertain CR 65.09 motions where "extraordinary cause" is shown. All of this evidences the enormous burden placed on the movant when requesting relief pursuant to CR 65.07 and CR 65.09.

■ Although a party's burden is much higher in bringing a motion for interlocutory relief pursuant to CR 65.07 and CR 65.09, as opposed to an appeal pursuant to CR 73, we find that these mechanisms are not foreclosed by the language of KRS 417.220. In so stating, we reiterate what other state and federal courts have stated before, to wit, that a denial of a motion to compel arbitration and to stay litigation is akin to a denial of an injunction. *See J & K Cement Const., Inc. v. Montalbano Builders, Inc.,* 119 Ill.App.3d 663, 666, 75 Ill.Dec. 68, 71, 456 N.E.2d 889, 892 (Ill. App.Ct.1983) (holding that "[a]lthough the order appealed from in the instant case is interlocutory, we nonetheless have jurisdiction for the trial court's denial of the requested relief is analogous to the denial of an injunction"); *Kansas Gas and Elec. Co. v. Westinghouse Elec. Corp.,* 861 F.2d 420, (4th Cir.1988) (holding that "orders denying arbitration do have an injunctive effect"). In fact, the Court of Appeals also recognized the similarity in denials of motions to stay litigation and injunctions. In *Bridgestone/Firestone, supra,* which the Court of Appeals has cited in its order, the Court of Appeals stated that "[i]n reviewing appeals from the denial of a motion to stay proceedings and to compel arbitration, federal courts and other state courts treat them as analogous to appeals from the denial of an injunction." *Bridgestone/Firestone,* 3 S.W.3d at 367.

■ The issue in this appeal stems directly from the trial court's denial of a motion made pursuant to KRS 417.050, and thus the appellate mechanism provided in KRS 417.220(2), though somewhat vague in its requirements, nonetheless serves as the appropriate basis for the appeal in this case. However, to require a notice of appeal and to rule in such a way as to foreclose the use of the appellate review mechanism provided by CR 65.07 in cases where KUAA applies, as the Court of Appeals has ruled, is contrary to the language of KRS 417.220, i.e., "to the same extent as from orders or judgments in a civil action." Nowhere in KRS 417.220 is

there an explicit requirement that a party must submit a notice of appeal, nor by its terms does the rule suggest such a notice is required. At this point, we think it appropriate to briefly review the case law regarding appellate review of trial court rulings implicating the Kentucky Uniform Arbitration Act.

In the employment context, to which KUAA is inapplicable, Kentucky courts have noted that CR 65.07 is one way in which an aggrieved party may have appellate review for what would ordinarily be considered a non-appealable, interlocutory order. *See e.g., Bridgestone/Firestone, supra.* In *Oakwood Mobile Homes, Inc. v. Sprowls,* 82 S.W.3d 193 (Ky.2002), an arbitration dispute in the employment context, we held that the movant's criticisms of procedural rules for interlocutory relief did not warrant "extraordinary cause," although the movant's CR 65.07 and CR 65.09 motions were properly before their respective courts where the trial court had denied a motion to compel arbitration.

Where the KUAA is applicable, however, our courts have noted that the appeal is made pursuant to KRS 417.220. In *Valley Constr., Co., Inc. v. Perry Host Mgmt. Co., Inc.,* 796 S.W.2d 365, 366 (Ky.App.1990), the Court of Appeals held that "[e]ven though the court's order does not contain the language of finality required by the civil rules, we believe that by operation of KRS 417.200 and 417.060 that omission has no effect upon the appealability of this cause." Similarly, in *Marks v. Bean,* 57 S.W.3d 303, 304 (Ky.App.2001) *overruled on other grounds by Louisville Peterbilt, Inc. v. Cox,* 132 S.W.3d 850 (Ky.2004), the Court of Appeals stated that "[a]lthough interlocutory, such an appeal is allowed pursuant to Kentucky Revised Statutes (KRS) 417.220(1)(a)." In *Conseco Finance*

*Servicing Corp. v. Wilder,* 47 S.W.3d 335, 340 (Ky.App.2001), the Court of Appeals held that "because an ordinary appeal at the close of litigation will often not provide an adequate remedy for the wrongful denial of a right to arbitrate, KRS 417.220 provides ... [o]ur jurisdiction to consider an appeal from what otherwise would be an unappealable interlocutory order."

In order to reconcile the distinction drawn by the Court of Appeals between KUAA-applicable cases and those cases to which KUAA is inapplicable, we need only discern the clear meaning of the words in KRS 417.220(2). KRS 417.220(2) states that "[t]he appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." As previously stated, the rule does not require a notice of appeal and does not, by its terms, restrict appeals of those enumerated items in KRS 417.220(1) to one mechanism. Rather, the statute recognizes that interlocutory relief may be afforded a party whose appeal is enumerated in KRS 417.220(1). Our courts have consistently found appeals of denials of motions to compel arbitration to be interlocutory in nature. *See e.g., Bean, supra.* Thus, it is of no consequence if a case is an employment arbitration dispute to which KUAA is inapplicable or a case where KUAA is applicable, such as the present one. What matters is that the party bringing the appeal has met the requisite burden and has complied with whatever appellate mechanism is being utilized to contest the trial court's decision. Here, Kindred chose to use CR 65.07, and in doing so, it had a high burden to meet in order to obtain the relief requested.

Most significantly, we have addressed a very similar question in a request for extraordinary relief pursuant to CR 81. In

*Cavalier Homes of Alabama v. Coleman,* 181 S.W.3d 558 (Ky.2005), the trial court denied the mobile home seller's motion to compel arbitration. The seller then sought extraordinary relief in the Court of Appeals pursuant to CR 81. The Court of Appeals denied the petition, holding that "the Appellant could not obtain relief via an original action in the Court of Appeals because Appellant had a statutory remedy allowing for an immediate appeal." *Id.* at 558. We affirmed the Court of Appeals, wherein we held "the General Assembly has, by [enacting KRS 417.220], created a statutory interlocutory right of appeal where no such right would otherwise exist." *Id.* at 559. In distinguishing relief sought pursuant to CR 81 and the interlocutory right of appeal provided by KRS 417.220, we stated that "the grounds asserted amount to a proper statement for extraordinary relief, but the form of relief sought is inconsistent with the statutory remedy allowed." *Id.* We reiterate that the Appellant in Coleman sought an original action for which KRS 417.220 gives no support. What we say today in no way contradicts our holding in *Coleman, supra,* but rather extends its holding to acknowledge that parties may also utilize CR 65.07, where they can meet the "higher" burden, so that a request for interlocutory relief may be had as *"from orders or judgments* in a civil action." KRS 417.220(2) (emphasis added). Our holding today supports that reasoning.

For practical reasons, we do not espouse the adoption of CR 65.07 as an exclusive means for appealing denials of motions to stay litigation; however, CR 65.07 is appropriate for such an appeal, as is CR 73. We have allowed appeals under CR 65.07 for employment cases involving arbitration disputes; thus, this avenue of appeal under KRS 417.220 should not be foreclosed for

those occasions where the grounds set out in CR 65.04(1) are met.

There are, of course, certain inherent dangers accorded to an appeal under CR 65.07. The Court of Appeals may find that the requisite irreparable injury is so lacking that review is foreclosed. The party may then find itself without remedy, especially if the time for an appeal under CR 73 has lapsed. Then again, the Court may find the party has met its burden but also find the trial court's decision was based on substantial evidence. These are simply the risks inherent in making any appeal, but they become much more pervasive in the context of the limited time in which to make an interlocutory request for relief.

■ Although we now acknowledge that KRS 417.220 allows two separate, but appropriate, avenues for appeal, "one is entitled [, however,] to only one 'bite at the apple.'" *Mingey v. Cline Leasing Service, Inc.,* 707 S.W.2d 794, 795 (Ky.App.1986) (citations omitted). It is a concept similar to an "election of remedies." "When a person has at her disposal two modes of redress ... the doctrine of remedies provides that her deliberate and settled choice and pursuit of one will preclude her later choice and pursuit of the other." *Young v. Hammond,* 139 S.W.3d 895, 903 (citing *Wilson v. Lowe's Home Center,* 75 S.W.3d 229 (Ky.App.2001)).

"[I]t is absurd to assume that an individual could in fact have the opportunity to choose between remedies," such as two modes of appeal, and then after pursuing one mode and reaching a final decision under one appellate standard, still have the option to take another "bite" under a different standard. *Vaezkoroni v. Domino's Pizza Inc.,* 914 S.W.2d 341, 342 (Ky. 1995). It is not a wise use of our appellate

resources to hear and review the same facts and arguments on two separate occasions, albeit under different appellate standards. Thus, in the future, whichever avenue an appellant elects to pursue, under KRS 417.220, it will be the only avenue, "bite," he gets.

■■ However, when a new rule is enacted that "would impair rights a party possessed when he acted ... or impose new duties with respect to transactions already completed," there is a general presumption the rule should not be applied retroactively. *Republic of Austria v. Altmann*, 541 U.S. 677, 678, 124 S.Ct. 2240, 2241, 159 L.Ed.2d 1 (2004).[4] Therefore, our holding here will be applied prospectively only, and not to the pending appeal of Kindred in this case.[5]

## CONCLUSION

We hold that a party may appeal the decision of a trial court, which implicates any of the enumerated items in KRS 417.220(1), utilizing either a motion for interlocutory relief pursuant to CR 65.07, or a notice of appeal pursuant to CR 73, as long as that party fulfills the requirements and meets the burdens in so making the appeal. But in the future, a party may only choose one route. In this case, however, we find that Kindred has failed to meet its burden to show "extraordinary cause" in its CR 65.09 motion, and thus we deny the relief requested and affirm the ruling of the Court of Appeals for the reasons set forth above.

---

**4.** In *Republic of Austria v. Altmann,* the Court held that a statute should not be applied retroactively absent clear congressional intent to do so. The legal reasoning for non-retroactive application is well applied here. Although we rule today an appellant with two avenues of appeal must choose one, we do not apply it to Kindred because it appropriately

LAMBERT, C.J.; COOPER, GRAVES, ROACH and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., concurs in result only.

filed its appeals within the apparent confines of the law at the time filed.

**5.** In this case, we understand Kindred also has an appeal pending in the Court of Appeals per CR 73.