LAMBERT, D., JUDGE:
*695 Patrick Hardy appeals the dismissal by the Jefferson Circuit Court of his breach of contract claim against David Beach. Hardy asks this Court to determine whether an arbitration clause deprives the trial court of subject-matter jurisdiction beyond a ruling as to the binding nature of the arbitration clause itself. We hold that it does not, and that the trial court also has jurisdiction to issue injunctive relief if a party is so entitled. However, after reviewing the record, and finding no error in the trial court's determination that Hardy has not shown entitlement to injunctive relief, we affirm.
I. FACTUAL AND PROCEDURAL HISTORY
The parties entered into a contract for the construction and sale of a residence on May 21, 2014. The agreement obligated the Appellee to construct a single-family dwelling on a parcel of realty in Jefferson County, and sell the newly-improved real estate to Hardy, upon completion, for a price of $138,000. The agreement also specified that the closing date of the sale would occur either 160 days after the execution of the agreement or on October 28, 2014.
Hardy describes the home as "custom-built" and unique, while Beach describes the home Hardy requested as a "cookie cutter" home similar to another that Beach had constructed, with only certain items being subject to Hardy's specifications.
The parties agreed that at a certain point in the construction, Beach asked Hardy to provide funding for the construction to continue. The parties' dispute originated from this request. Hardy describes the request as a demand by Beach for an "additional fee" above the agreed-upon price, but Beach contends that Hardy had demanded optional components outside the scope of the original agreement which increased the cost of construction.
On October 13, 2014, Hardy's attorney contacted Beach to request assurances that the closing would occur on schedule according to the contract. Beach responded that construction would not be complete, and the next day contacted Hardy's attorney to inform him that construction would cease until the matter for which he had been retained could be resolved.
Beach emailed Hardy's counsel on November 6, 2014, declaring Hardy to be in breach of the agreement, and, consequently, the home would be listed for sale, with Hardy's deposit put toward Beach's damages. According to Hardy, the house was listed for sale online. These actions by Beach prompted Hardy to file the civil action below and a notice of lis pendens to encumber the property and prevent any sale.
The parties agreed that mediation was appropriate, but each side accuses the other of attempting to avoid mediation. Beach refused to participate in mediation unless Hardy dismissed the civil action, relying on language in the contract providing that disputes must first be submitted to mediation or arbitration. Hardy filed two separate motions with the trial court to schedule mediation, which the trial court denied. Beach filed a motion to dismiss, pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02 for lack of subject-matter jurisdiction. The trial court agreed, concluding that the arbitration clause in the contract was binding, and issued an order dismissing the action and directing the parties to mediate or arbitrate the claims asserted according to the terms of the contract. This order did not specify whether the dismissal was prejudicial. In that order, the trial court also agreed with Beach's assertion that the property had not been listed for sale to another party.
*696 Hardy filed a motion to reconsider, which the trial court denied, and the instant appeal ensued. On appeal, Hardy argues that the trial court erroneously declined to exercise jurisdiction over the contract dispute when it dismissed the action. Hardy also argues that the trial court had jurisdiction over the matter to issue an injunction to prevent the sale of the subject property while the parties awaited arbitration.
II. ANALYSIS
A. STANDARD OF REVIEW
Kentucky appellate courts, when tasked with determining whether a trial court acted within its jurisdiction, apply a de novo standard of review, because jurisdiction is a matter of law. Whaley v. Whitaker Bank, Inc. , 254 S.W.3d 825, 827 (Ky. App. 2008) (citing Grange Mut. Ins. Co. v. Trude , 151 S.W.3d 803 (Ky. 2004) ).
B. THE TRIAL COURT DID NOT ERR IN DISMISSING THE ACTION, BUT HAD LIMITED JURISDICTION
Neither party disputes the binding nature of the contract's arbitration clause. The Kentucky Uniform Arbitration Act (Kentucky Revised Statutes (KRS) 417.045 et seq. ) governs arbitration clauses. According to KRS 417.050, a written agreement to submit a controversy to arbitration "is valid, enforceable and irrevocable[.]" Further, KRS 417.200 provides that the making of an agreement that falls under KRS 417.050 confers the courts with subject-matter jurisdiction to enforce an arbitration award or enter judgment consistent therewith. Similarly, KRS 417.150 permits a court to confirm, KRS 417.160 permits a court to vacate, and KRS 417.170 permits a court to modify or correct an award reached in arbitration. Moreover, "[i]t is well established that arbitration agreements do not divest a trial court of jurisdiction." Stanton Health Facilities, LP v. Fletcher , 454 S.W.3d 312, 314 (Ky. App. 2015) (citing Ernst & Young, LLP v. Clark , 323 S.W.3d 682 (Ky. 2010) ). Rather, an arbitration clause transfers to the arbitrator "the trial court's broad discretion to decide all issues pertaining to pre-hearing procedures, including discovery, all issues of substantive law, and all evidentiary matters[.]" Fletcher , 454 S.W.3d at 314 (quoting Ernst & Young, 323 S.W.3d at 692 ).
The trial court's dismissal, based on a contractual agreement conferring the court's authority to decide the merits of the claim to an arbitrator, necessarily did not touch the merits of the case. Hardy's breach of contract claim was properly dismissed as a matter of law, and the circuit court retained its limited statutory jurisdiction.
C. THE TRIAL COURT DID NOT ERR IN FAILING TO ISSUE INJUNCTIVE RELIEF
In his brief, Hardy asserts that the Federal Arbitration Act ( 9 U.S.C.A. § 1 et seq. ) (the "FAA") applies to the contract at issue in this action, and that precedent demands this Court apply it. Ping v. Beverly Enterprises, Inc. , 376 S.W.3d 581 (Ky. 2012). Hardy cites a Sixth Circuit decision to stand for the proposition that under the FAA, a trial court may issue an injunction to maintain the status quo among the parties prior to resolution of the conflict through arbitration. Performance Unlimited, Inc. v. Questar Publishers, Inc. , 52 F.3d 1373 (6th Cir. 1995). In Performance Unlimited , the Sixth Circuit reversed the trial court's determination that it lacked jurisdiction to enter an injunction because the dispute was subject to arbitration. Id. The Sixth Circuit further held that the district court retained jurisdiction to grant preliminary injunctive relief in disputes *697 subject to arbitration. In so doing, the Sixth Circuit concluded that this result was in accord with the purpose of the Federal Arbitration Act:
[A] grant of preliminary injunctive relief pending arbitration is particularly appropriate and furthers the Congressional purpose behind the Federal Arbitration Act, where the withholding of injunctive relief would render the process of arbitration meaningless or a hollow formality because an arbitral award, at the time it was rendered, could not return the parties substantially to the status quo ante.
Id., 52 F.3d at 1380 (internal quotations omitted).
No discernible reason exists to conclude the Kentucky Uniform Arbitration Act should differ in effect from the FAA. The two acts serve similar purposes. Regardless of which Act applies to the dispute at hand, the trial court had the power to grant relief had Hardy proven entitlement to it. He simply did not.
Under either the Kentucky Civil Rules, or the federal standard, a party must affirmatively move for injunctive relief, allege that his rights are being or will be violated by the actions of an adverse party, and show that he would suffer immediate and irreparable injury or loss. CR 65.04(1) ; Performance Unlimited at 1381 (citing Int'l Longshoremen's Ass'n AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp. , 927 F.2d 900 (6th Cir. 1991) ). Here, the trial court found that, contrary to Hardy's allegations, the proof did not support the finding that Beach had listed the property for sale. He thus could not show irreparable injury or loss.
If circumstances arise which necessitate Hardy request such relief, the trial court's order does not bar subsequent action on that request. Moreover, such request must be made before a court, as such relief would be beyond an arbitrator's authority to grant.
III. CONCLUSION
Having reviewed the record, for the foregoing reasons, we conclude that the trial court correctly determined that it lacked authority to issue rulings in this case beyond determining the validity of the arbitration clause, and did not abuse its discretion in failing to issue injunctive relief to which he could not prove entitlement. The ruling of the Jefferson Circuit Court is therefore affirmed.
ALL CONCUR.