GRANTING MOTION FOR INTERLOCUTORY RELIEF, VACATING AND REMANDING WITH INSTRUCTIONS TO REFER COUNT IV TO ARBITRATOR
AllyAlign Health, Inc. contracted with Signature Advantage, LLC., for AllyAlign's services as administrator of Signature Advantage's self-insured health maintenance organization. The contract contains an arbitration provision explicitly incorporating the Commercial Arbitration Rules and Arbitration Procedures of the American Arbitration Association ("AAA's Rules") that delegates to the arbitrator the initial decision about the arbitrability of claims arising between AllyAlign and Signature Advantage. When Signature Advantage sued AllyAlign in the trial court claiming breach of contract, conversion, breach of fiduciary duty, and unjust enrichment seeking money damages, rescission, restitution, and injunctive relief, AllyAlign moved to compel arbitration on all those claims. Asserting the language of a carve-out provision in the contract that exempts equitable claims from arbitration, Signature Advantage resisted the motion.
The trial court granted AllyAlign's motion to compel arbitration in part but denied the requested action for those claims that the trial court found to demand equitable relief. AllyAlign then filed a Motion for Interlocutory Relief under Kentucky Rule of Civil Procedure ("CR") 65.07, seeking to compel arbitration of all claims, which the Court of Appeals denied. AllyAlign now moves this Court under CR 65.09 for an order to compel arbitration of all claims, which we grant because we hold that the carve-out provision for certain claims to be decided by a court does not negate the clear and unmistakable mandate of the AAA's Rules that the initial *755 arbitrability of claims is to be determined by the arbitrator, not the courts.
I. BACKGROUND.
AllyAlign and Signature Advantage entered into a contract for AllyAlign's services as administrator of Signature Advantage's self-insured health maintenance organization. Part of that contract included an arbitration provision, Section 10.2 of the contract, providing in relevant part: "In connection with rendering its decisions, the Board of Arbitration shall adopt and follow the [AAA's Rules] in effect as of the date of the arbitration." The contract also contained the following clause in Section 10.3 of the contract: "Notwithstanding, any other provision of this Agreement, any party shall have the right to seek equitable relief, in a court of competent jurisdiction, to the extent that equitable relief is available to a party hereto."
About three years into the contract, Signature Advantage filed suit against AllyAlign for breach of contract, conversion, breach of fiduciary duty, and unjust enrichment. Signature Advantage requested money damages under the first three claims and rescission and restitution under Count IV, the unjust enrichment claim.[1]
AllyAlign filed a motion to compel arbitration on all claims, which the trial court partially granted and partially denied-the first three counts were to be arbitrated, but the trial court declined to refer Count IV because the trial court concluded that the fourth count constituted a claim for equitable relief exempted out of arbitration under the contract.[2] AllyAlign then filed a CR 65.07 Motion for Interlocutory Relief, seeking to compel arbitration, which the Court of Appeals denied.
AllyAlign now moves this Court under CR 65.09 to compel arbitration.
II. ANALYSIS.
"The decision whether to review [an] order [of the Court of Appeals] shall be discretionary with the Supreme Court. Such a motion will be entertained only for extraordinary cause shown in the motion."[3] "In the arbitration context, we have recognized CR 65.07 and CR 65.09 as appropriate avenues for the review of trial court orders denying motions to compel arbitration[.]"[4] "[C]onstruction of [a] contract, a purely legal determination, is reviewed de novo. "[5]
Ally Align demands to arbitrate Count IV of Signature Advantage's complaint-claims for relief by way of rescission and restitution-and argues that the trial court erred in denying its motion to compel arbitration of that claim. AllyAlign asserts that the contract put into the hands of the arbitrator the issue of what claims were to be arbitrated-the parties agreed to arbitrate arbitrability-so the trial court erred when it determined what claims were to be arbitrated.[6]
*756 We must determine whether the responsibility of determining whether Count IV should be arbitrated lies with a Kentucky court or the arbitrator. "Th[e Supreme Court] has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence."[7] "[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue."[8]
AllyAlign calls our attention to Article X, Section 10.2 of the contract, which states in relevant part: "Any dispute submitted to arbitration pursuant to this Section shall be determined by the decision of a board of arbitration consisting of three members who are members of and certified by the American Arbitration Association[.] ... In connection with rendering its decisions, the Board of Arbitration shall adopt and follow the [AAA's Rules] in effect as of the date of the arbitration." The contract having explicitly incorporated the AAA's Rules, AllyAlign cites Rule 7(a) of those Rules: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim ."[9]
"[T]he vast majority of courts have held that an agreement to arbitrate in accordance with the AAA's Rules clearly indicates the parties' intention to let an arbitrator determine whether their dispute is arbitrable."[10] "Virtually every circuit ... has determined that incorporation of the [AAA's Rules] constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."[11]
No doubt the authority that AllyAlign cites supports the proposition that inclusion of the AAA's Rules provides clear and unmistakable evidence that an arbitrator decides which claims are arbitrable. The nuance in the case at hand is the inclusion of Article X, Section 10.3: "Notwithstanding any other provision of this Agreement, any party shall have the right to seek equitable relief, in a court of competent jurisdiction, to the extent that equitable relief is available to a party hereto."
*757 The Ninth Circuit in Oracle America dealt with the same issue we now face: Whether a carve-out provision identifying a specific type of claim to be decided by a court places the initial decision as to whether that claim is arbitrable or not in the hands of the arbitrator or the court, when that same contract includes the adoption of the AAA's Rules providing that arbitrability of a claim rests initially with the arbitrator.[12] Just as in this case, the contract at issue in Oracle America included an arbitration clause that adopted the AAA's Rules.[13] Also as in this case, the contract at issue in Oracle America contained a carve-out clause for a specific type of claim, stating, "that either party may bring any action, in a court of competent jurisdiction (which jurisdiction shall be exclusive), with respect to any dispute relating to such party's Intellectual Property Rights or with respect to [Myriad's] compliance with the TCK license."[14]
The Ninth Circuit concluded that "[t]he decision that a claim relates to intellectual property rights or compliance with the TCK License constitutes an arbitrability determination."[15] In so doing, the Ninth Circuit identified that "Oracle's argument conflates the scope of the arbitration clause, i.e., which claims fall within the carve-out provision, with the question of who decides arbitrability."[16] In other words, as it applies to the case before us today, although Section 10.3 allows Signature Advantage to bring claims for equitable relief in a Kentucky court, whether Signature Advantage asserts a true claim for equitable relief or such assertion is a facade to avoid arbitration is a determination to be made by the arbitrator per the contract's adoption of the AAA's Rules so stating.
The Ninth Circuit noted that the Delaware Supreme Court in James & Jackson , LLC v. Willie Gary, LLC[17] held the opposite, i.e., that a carve-out clause does suffice to turn the decision of the arbitrability of a claim over to the court instead of the arbitrator.[18] Just like the case before us today, "the parties' agreement in James & Jackson generally referred all controversies to arbitration, only excepting claims for injunctive relief and specific performance,"[19] and "[i]t is clear that the James & Jackson court relied on the arbitration agreement's carve-out provision to decide that questions of arbitrability would be decided by the court" notwithstanding the parties' incorporation of the AAA's Rules.[20]
Nonetheless, the Ninth Circuit recognized that the Delaware Supreme Court's decision is an anomaly: " James & Jackson nominally supports Oracle's position, but the decision's suggestion that the federal majority rule only applies when an arbitration agreement lacks a carve-out provision does not follow from the cases the [Delaware Supreme Court] cited, and we know of no other authority supporting this proposition."[21] More importantly, the Ninth Circuit identified that the Delaware Supreme *758 Court made the mistake of conflating the questions of (1) what claims get arbitrated, versus (2) who decides what claims get arbitrated, calling into question the Delaware Supreme Court's reasoning.[22]
A carve-out provision for certain claims to be decided by a court does not negate the clear and unmistakable mandate of the AAA's Rules that the arbitrability of claims is to be decided by the arbitrator, not the Court.[23] Holding the opposite would conflate the two separate and distinct questions of (1) who decides what claims are arbitrable with (2) what claims are arbitrable. Here, the contract incorporates the AAA's Rules, including R-7(a), and contains a carve-out provision. But that carve-out provision does not negate the determination of the arbitrability of a claim by the arbitrator under R-7(a). To the contrary, the effect of the carve-out provision is to state that if an arbitrator determines that Signature Advantage has asserted a claim for equitable relief that is exempted from arbitration by the carve-out provision in the contract, then the arbitrator must refer that claim to a court if Signature Advantage so desires.
For these reasons, we determine that the trial court's order declining to refer the claims asserted in Count IV of the complaint was entered in error. AllyAlign's CR 65.09 Motion to Compel Arbitration is well taken to the extent that the determination of the arbitrability of Count IV of Signature Advantage's complaint must be referred to the arbitrator. Our action today eliminates the need for us to address Signature Advantage's other arguments.
III. ORDER.
The Court GRANTS AllyAlign's CR 65.09 Motion for Interlocutory Relief: The portion of the trial court order declining to refer the question of the arbitrability of Count IV to the arbitrator is vacated, and the matter is remanded to the trial court with instruction to order the question of the arbitrability of Count IV to arbitration.
All sitting. Minton, C.J.; Buckingham, Hughes, Keller, Lambert, and VanMeter, JJ., concur. Wright, J. dissents by separate opinion.

Signature Advantage brought a fifth claim against AllyAlign, injunctive relief to mandate that Signature Advantage turn over certain books and records. This count is no longer relevant for the purposes of the action before us because AllyAlign appears to have turned over to Signature Advantage the requested books and records.

The trial court also retained jurisdiction over the now-irrelevant fifth count.

CR 65.09(1).

North Fork Collieries, LLC v. Hall, 322 S.W.3d 98, 101 (Ky. 2010) (citing Kindred Hosps. v. Lutrell , 190 S.W.3d 916 (Ky. 2006) ).

North Fork Collieries, 322 S.W.3d at 103 (citing American Gen. Home Equity, Inc. v. Kestel, 253 S.W.3d 543 (Ky. 2008) ).

AllyAlign also argues that the Court of Appeals erred in characterizing Count IV as a claim for equitable relief in addition to making other arguments why Count IV should be arbitrated. But we need not reach the merits of these arguments because we conclude that the arbitrability of Count IV should be determined by the arbitrator.

Henry Schein, Inc. v. Archer & White Sales, Inc., --- U.S. ----, 139 S. Ct. 524, 530, 202 L.Ed.2d 480 (2019) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 939, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ; AT&T Techs., Inc. v. Commons Workers, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) ).

Henry Schein, 139 S.Ct. at 530.

See Galilea, LLC v. AGCS Marine Ins. Co., 879 F.3d 1052, 1061 (9th Cir. 2018) (citing American Arbitration Association, Commercial Arbitration Rules & Mediation Procedures, R-7(a) Jurisdiction (Oct. 1, 2013)) (available at https://www.adr.org/sites/default/files/CommercialRules_Web.pdf) (emphasis added) (last accessed March 21, 2019).

Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015).

Oracle America, Inc. v. Myriad Group A.G., 724 F.3d 1069, 1074 (9th Cir. 2013) (citing Petrofac, Inc. v. DynMcDermott Petroleum Operations Co., 687 F.3d 671, 675 (5th Cir. 2012) ; Fallo v. High-Tech Inst., 559 F.3d 874, 878 (8th Cir. 2009) ; Qualcomm Inc. v. Nokia Corp., 466 F.3d 1366, 1373 (Fed. Cir. 2006); Terminix Int'l Co. v. Palmer Ranch LP , 432 F.3d 1327, 1332 (11th Cir. 2005); Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005)); but see Riley Mfg. Co. v. Anchor Glass Container Corp., 157 F.3d 775, 777-80 (10th Cir. 1998) (concluding otherwise).

Oracle America, 724 F.3d at 1075-77.

Id. at 1071.

Id. at 1075.

Id. at 1076.

Id. (emphasis in original).

906 A.2d 76 (Del. 2006).

Oracle America, 724 F.3d at 1076 (citing James & Jackson, 906 A.2d at 79-81 ).

Oracle America, 724 F.3d at 1076 (citing James & Jackson, 906 A.2d at 79-80 ).

Id.

Oracle America, 724 F.3d at 1076-77 (citing James & Jackson, 906 A.2d at 80 n.9 ) (internal citations omitted).

Id.

The only other authority AllyAlign cites is the Sixth Circuit's decision in Turi v. Main Street Adoption Services, LLP, 633 F.3d 496 (6th Cir. 2011). But Turi is inapposite because the Sixth Circuit determined that the arbitration provision itself did not encompass the claims at issue, meaning that it did not even have to reach the issue of the arbitrability of arbitration. Id. at 507-11 ; see also Oracle America, 724 F.3d at 1076 ) ("Turi did not involve a carve-out clause. It involved an extremely narrow arbitration provision interpreted in the context of a host of unrelated claims.... For this reason alone, Turi is distinguishable. Nor are we persuaded by the reasoning of Turi because ... Turi 's reasoning collapses two separate questions into one."). Moreover, the U.S. Supreme Court in Henry Schein abrogated a large part of the Sixth Circuit's rationale supporting the Sixth Circuit's conclusion. Henry Schein, 139 S. Ct. at 529.