RENDERED:  FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0781-MR

D'SARAH LATTIMORE                                                         APPELLANT


                APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
                    ACTION NO. 20-CI-005028


NEIL HUFFMAN VOLKSWAGEN
INCORPORATED; DAVID NELSON;
EARL DRAKE; AND ERIN
CAVANAUGH                                            APPELLEES


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND MODIFYING ORDER

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND GOODWINE, JUDGES.

EASTON, JUDGE:  D'Sarah Lattimore appeals from the Jefferson Circuit Court's dismissal of her complaint following an order referring all of her claims to arbitration.  We affirm the dismissal of the complaint but reverse to the extent that we modify the dismissal order to state the dismissal is without prejudice.

*Relevant Factual and Procedural History*

Lattimore agreed to purchase a vehicle from Appellee Neil Huffman Volkswagen, Incorporated. The purchase agreement was written on both sides of a piece of paper. Lattimore signed the bottom of the front page. Above her signature is this language:

> ADDITIONAL TERMS WHICH ARE PART OF THIS
> AGREEMENT ARE WRITTEN ON THE REVERSE
> OF THIS PAGE. INCLUDED AMONG THESE
> TERMS ARE LIMITATIONS UPON MY RIGHT TO
> CANCEL, LIMITATIONS UPON DEALERSHIP'S
> LIABILITY, A REQUIREMENT TO ARBITRATE
> DISPUTES, EXPLANATION OF "CUSTOMER
> SERVICE CHARGE" AND OTHER IMPORTANT
> PROVISIONS.

Record (R.) at 90. On the reverse side, the agreement provides in relevant part:

> Any dispute, controversy or claim between Purchaser and
> Dealer which arises out of or relates to Purchaser's order,
> purchase, or lease of this vehicle . . . shall be settled by
> binding arbitration conducted by the American
> Arbitration Association under its Commercial Arbitration
> Rules . . . . Such arbitration shall be conducted in
> Jefferson County, Kentucky.

R. at 91. Lattimore initialed a blank space immediately after that section.

Lattimore asserts a Huffman employee told her she would not have to make a payment for 90 days. Huffman denies having made such a statement. Instead, Huffman insists Lattimore simply refused to make any payments. Eventually, a Huffman employee reported the vehicle as having been stolen.

Thereafter, Lattimore was involved in an automobile accident while operating the reportedly stolen vehicle. Officers called to the scene of the accident thus arrested Lattimore, but the charges were ultimately dismissed.

Lattimore then filed a complaint against the Huffman dealership and three of its employees (collectively "Huffman"), asserting causes of action such as malicious prosecution and false arrest. In their joint answer, the defendants asserted the claims had to be referred to arbitration as they arose from the relationship between the parties resulting from the purchasing and financing of the vehicle. Later, the defendants filed a joint motion for summary judgment in which they asked the court to compel arbitration and dismiss Lattimore's claims. Over Lattimore's objection, the trial court granted Huffman's motion to compel and ordered Lattimore's claims to be arbitrated, but it did not dismiss the complaint.

Roughly six weeks later, Huffman filed a motion again asking the court to dismiss Lattimore's complaint. The motion did not specify the applicable rule(s) of procedure. Lattimore objected on timeliness grounds,[1] and argued the court needed to retain jurisdiction to approve any arbitration award. The trial court disagreed and dismissed the case with prejudice. The circuit court held that

---

[1] Kentucky Rule of Civil Procedure (CR) 59.05 provides that "[a] motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment."

Huffman's motion should be construed as having been brought under CR 60.01[2] and dismissal was appropriate since all claims had been referred to arbitration. Lattimore then filed this appeal.

*Analysis*

Before we may address Lattimore's claims, we must resolve Huffman's claim that this appeal must be dismissed because Lattimore did not file a notice of appeal within thirty days after the trial court issued the order compelling arbitration. We disagree. As we shall see, the order compelling arbitration was not appealable. This appeal may be considered only as to the dismissal of the complaint.

It was not necessary to consider the application of CR 60.01 to a clerical error in any oversight of the court to dismiss when first asked to do so. CR 59.05 also did not apply to the initial absence of a dismissal as that also was not a final judgment. The circuit court was not required to dismiss the complaint despite the order compelling arbitration and had jurisdiction to dismiss when it did. As a result, the notice of appeal of that decision was timely filed.

In *Linden v. Griffin*, 436 S.W.3d 521 (Ky. 2014), the trial court granted a motion to compel arbitration as to all but two claims. Both parties

---

[2] CR 60.01 provides in relevant part that "[c]lerical mistakes . . . may be corrected by the court at any time of its own initiative or on the motion of any party . . . ."

-4-

appealed – one wanting arbitration on all claims and one on none.  Our Supreme Court noted it had jurisdiction over the appeal from the denial of the motion to compel arbitration of two claims pursuant to Kentucky Revised Statute (KRS) 417.220(1)(a), which provides that "[a]n appeal may be taken from . . . [a]n order denying an application to compel arbitration . . . ."  *Linden*, 436 S.W.3d at 524.

But the Court noted the "situation" regarding the appeal from the order compelling arbitration was "quite different" because "KRS 417.220(1)(a) does not provide for an interlocutory appeal from an order compelling arbitration.  Accordingly, this Court has recognized that generally such an order is not immediately appealable."  *Id.*  The Court's conclusion was consistent with precedent.  *See, e.g.*, *American General Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 547 n.2 (Ky. 2008) ("Unlike an order denying a motion to compel arbitration that is explicitly held to be appealable under KRS 417.220(1)(a), an order compelling arbitration is not immediately appealable.").  Therefore, Huffman errs by arguing Lattimore had to appeal from the order compelling arbitration.  To the contrary, we would have lacked jurisdiction over that appeal.

We now turn to Lattimore's arguments only to the extent they address the dismissal of the case.  An order wholly dismissing a complaint is ripe for appellate review.  The ultimate dismissal here was solely based upon the court having referred all of Lattimore's claims to arbitration.  The happenstance that the

court dismissed Lattimore's claims a couple of months after referring them to arbitration does not somehow give us the jurisdiction to address the inherently interlocutory decision to compel arbitration. Consequently, we decline to address any of Lattimore's arguments about the propriety of compelling arbitration in the context of addressing the dismissal.[3] The sole issue properly before us is whether the trial court erred by dismissing Lattimore's claims.

Though the facts are distinguishable, in *Hardy v. Beach*, 575 S.W.3d 694 (Ky. App. 2018), we addressed the propriety of dismissing a complaint after referring its claims to arbitration. In *Hardy*, the trial court compelled arbitration and dismissed a breach of contract claim. The plaintiff appealed, arguing "the trial court erroneously declined to exercise jurisdiction over the contract dispute when it dismissed the action." *Id.* at 696.

We affirmed the dismissal as follows:

The Kentucky Uniform Arbitration Act (Kentucky
Revised Statutes (KRS) 417.045 *et seq.*) governs

---

[3] However, we briefly note that the Lattimore is not without recourse regarding her insistence that some of her claims are not arbitrable because they do not arise from her purchase of the vehicle. Though not discussed by the parties, the relevant arbitration clause states that any arbitration will be conducted pursuant to the commercial arbitration rules of the American Arbitration Association (AAA). Our Supreme Court has held that "inclusion of the AAA's Rules provides clear and unmistakable evidence that an arbitrator decides which claims are arbitrable." *Ally Align Health, Inc. v. Signature Advantage, LLC*, 574 S.W.3d 753, 756 (Ky. 2019). *See also* https://www.adr.org/sites/default/files/Commercial_Rules-Web.pdf (last visited Jan. 10, 2023) (providing in Rule 7(a) that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim . . ."). Lattimore may thus raise her arbitrability arguments to the arbitrator.

arbitration clauses. According to KRS 417.050, a written agreement to submit a controversy to arbitration "is valid, enforceable and irrevocable[.]" Further, KRS 417.200 provides that the making of an agreement that falls under KRS 417.050 confers the courts with subject-matter jurisdiction to enforce an arbitration award or enter judgment consistent therewith. Similarly, KRS 417.150 permits a court to confirm, KRS 417.160 permits a court to vacate, and KRS 417.170 permits a court to modify or correct an award reached in arbitration. Moreover, "[i]t is well established that arbitration agreements do not divest a trial court of jurisdiction." *Stanton Health Facilities, LP v. Fletcher*, 454 S.W.3d 312, 314 (Ky. App. 2015) (citing *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682 (Ky. 2010)). Rather, an arbitration clause transfers to the arbitrator "the trial court's broad discretion to decide all issues pertaining to pre-hearing procedures, including discovery, all issues of substantive law, and all evidentiary matters[.]" *Fletcher*, 454 S.W.3d at 314 (quoting *Ernst & Young,* 323 S.W.3d at 692).

The trial court's dismissal, based on a contractual agreement conferring the court's authority to decide the merits of the claim to an arbitrator, necessarily did not touch the merits of the case. Hardy's breach of contract claim was properly dismissed as a matter of law, and the circuit court retained its limited statutory jurisdiction.

*Id.* Federal courts similarly dismiss complaints when all claims have been referred to arbitration. *See, e.g.*, *McGrew v. VCG Holding Corp.*, 244 F. Supp. 3d 580, 593 (W.D. Ky. 2017) (listing cases). Based on *Hardy*, the circuit court did not err by dismissing Lattimore's complaint.

As a matter of judicial economy, a trial court may decline to dismiss a case referred to arbitration. In the event one party frustrates the arbitration process

-7-

by refusing or delaying participation, the pendency of the suit facilitates action by the court to enforce its order. For example, leaving the case pending allows the circuit court to consider upon proper motion whether the party seeking the arbitration has waived or is estopped to insist upon the affirmative defense of arbitration, which led to the initial order compelling the arbitration, when subsequent inaction indicates no true desire to participate in arbitration.

Not dismissing also makes it unnecessary to file a new action with the increased work for the clerks of the courts. On the other hand, leaving the case pending indefinitely until arbitration is completed leaves an inactive case. But when the arbitration is complete, an existing court file streamlines the process for the limited court review of the completed arbitration decision allowed by law.

Because the dismissal here purports to be with prejudice, the parties could contend the claims themselves have been dismissed with prejudice which is the usual effect of such an order. *See Polk v. Wimsett*, 689 S.W.2d 363, 364 (Ky. App. 1985). That cannot be the case when arbitration has been ordered by the court. Standing alone, and under these facts, an order compelling arbitration is not a decision on the merits. *Hardy*, 575 S.W.3d at 696 ("The trial court's dismissal, based on a contractual agreement conferring the court's authority to decide the merits of the claim to an arbitrator, necessarily did not touch the merits of the case.").

Therefore, a mere referral to arbitration does not eliminate a party's rights to seek relief on the referred claim(s). As a consequence, a dismissal of the case based solely upon the court having referred claims to arbitration, if such is the course chosen by the court, must be without prejudice to the rights of the parties to resolve their arbitrable claims via arbitration and their non-arbitrable claims via subsequent court proceedings and to seek judicial review of the arbitration decision. Judicial review could be in the same, original case or by filing a new action. In any event, the circuit court retains statutory jurisdiction to confirm, enforce, correct, vacate, or modify an arbitration award.

*Conclusion*

For the foregoing reasons, the orders of the Jefferson Circuit Court are affirmed in part, reversed in part, and modified to indicate the dismissal is without prejudice to the rights of the parties to litigate non-arbitrable claims as determined by the arbitrator, to complete arbitration, and have review of the arbitration result in the circuit court as permitted by law.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Karl Price
Louisville, Kentucky

BRIEF FOR APPELLEE:

Blake V. Edwards
Daniel I. Wenig
Louisville, Kentucky