RENDERED: JUNE 6, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0158-MR

SIGNATURE HEALTHCARE, LLC
AND LP PRESTONSBURG
RIVERVIEW, LLC D/B/A
RIVERVIEW HEALTH CARE
CENTER                                                                APPELLANTS


                        APPEAL FROM FLOYD CIRCUIT COURT
v.              HONORABLE JOHNNY RAY HARRIS, JUDGE
                        ACTION NO. 23-CI-00455


TONY CLICK; APPALACHIAN
REGIONAL HEALTHCARE, INC.;
KNOTT COUNTY NURSING HOME,
INC.; POLLY JOHNSON; AND
PRIMARY CARE CENTERS OF
EASTERN KENTUCKY                                                         APPELLEES


                                OPINION
                VACATING IN PART AND REMANDING

                        ** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND L. JONES,
JUDGES.

CALDWELL, JUDGE: LP Prestonsburg Riverview, LLC d/b/a Riverview Health Care Center and Signature HealthCARE, LLC (collectively "Signature") appeal orders of the Floyd Circuit Court lifting a stay and setting aside a prior order compelling arbitration, as well as requiring Signature to participate in pretrial discovery while its motion to compel arbitration was pending. After careful review, we vacate and remand the orders only insofar as they require Signature to participate in pretrial discovery beyond matters relevant to arbitrability.

## BACKGROUND

On August 11, 2023, Tony Click and Polly Johnson, in her capacities as both spouse and power of attorney to Mr. Click, (collectively "Click") filed suit in Floyd Circuit Court alleging negligence on the part of multiple defendants in the care and medical treatment Mr. Click received during a period beginning in August of 2022. Two of the defendants are the appellants here, LP Prestonsburg Riverview, LLC d/b/a Riverview Health Care Center and Signature HealthCARE, LLC.

The Signature defendants both filed answers to Click's complaint in September of 2023, and included defenses that all claims were subject to a binding arbitration agreement. Contemporaneously, Signature filed a motion to compel arbitration and to stay proceedings with the circuit court, citing to the Kentucky

Uniform Arbitration Act (KUAA), KRS[1] 417.045 *et seq*., and the Federal Arbitration Act (FAA), 9 U.S.C.[2] §§ 1 *et seq*. On September 11, 2023, Signature filed a supplement to its motion to compel arbitration and attached the alleged arbitration agreement, indicating it had inadvertently been left out of the original motion's attachments. Prior to this date, co-defendants of Signature had filed unrelated motions with the circuit court. On September 15, 2023, a hearing before the circuit court occurred on then-pending matters including Signature's motion to compel arbitration. Nineteen days later, on October 4, 2023, the circuit court ordered: "that the motion to compel arbitration and stay action is hereby sustained pending the outcome of Arbitration."

On October 17th, 2023, Click filed a notice with the circuit court that they had served written discovery requests on Signature. Thereafter, on November 9, 2023, Click filed a motion for leave to amend their complaint and add claims against another entity. Subsequently, on November 14, 2023, Click filed a pleading with the circuit court styled "Motion to Lift Stay." The motion argued to the circuit court that the validity of the arbitration agreement was in dispute and had never been examined by the circuit court and that the order staying the case had been entered without an evidentiary hearing. The memorandum further argued

---

[1] Kentucky Revised Statutes.

[2] United States Code.

the matter of arbitrability required discovery and alleged possible defenses to formation of the contract related to the circumstances of its execution.

In November of 2023, Signature served objections to Click's discovery requests, asserting that discovery could only properly take place within arbitration proceedings. Signature also filed a memorandum with the circuit court in response to Click's motion to lift the stay. Signature argued Click had failed to produce affirmative evidence to dispute the arbitration agreement and that the motion was untimely in light of the date of entry of the order granting the stay. On January 5, 2024, with the motion to lift the stay still pending, Click filed a motion to compel Signature, and others, to substantively respond to written discovery requests.

The circuit court heard arguments on Click's motion to lift the stay, motion to compel discovery, and motion for leave to amend the complaint on January 22, 2024. On January 29, 2024, the circuit court entered orders granting Click's three motions.

With respect to the motion to lift the stay, the circuit court ordered "that the Order lifting the stay of the case and compelling arbitration is set aside. The Court further allows discovery to proceed on all issues." The order granting Click's motion to compel discovery responses directed "that each of the

Defendants, shall respond to Plaintiff's Interrogatories and Requests for Production of Documents, within twenty (20) days from the date of this Order."

On February 8, 2024, Signature filed a notice of appeal. In May of 2024, Click filed a motion with this Court to dismiss Signature's appeal. Click argued Signature was seeking a writ of mandamus or prohibition which should not be granted. In response, Signature argued it did not seek injunctive relief pursuant to RAP[3] 60 but instead filed an appeal pursuant to KRS 417.220(1)(a). We denied Click's motion to dismiss on June 27, 2024. The matter is now fully briefed and ripe for our review. Additional facts will be developed as necessary.

**ANALYSIS**

Signature asserts the order of the circuit court effectively denied its motion to compel arbitration and asks this Court to reverse, remand and instruct the circuit court to again enter an order compelling arbitration. Click argues that the circuit court has yet to decide Signature's motion to compel arbitration and the circuit court merely re-opened the arbitration agreement's enforceability to its own determination.

We review a circuit court's ruling on a motion to compel arbitration *de novo*, *i.e.*, we review the trial court's identification and application of legal principles without deference. *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d

---

[3] Kentucky Rules of Appellate Procedure.

335, 340 (Ky. App. 2001). Here, however, the parties dispute whether the circuit court has made any ruling that is properly subject to appellate review. In its appellate brief, Signature takes the position that the circuit court's "decision to vacate the Arbitration Order . . . had the force and effect of a denial of Signature's initial Motion to Compel Arbitration." In contrast, Click argues that by granting only a motion to set aside the stay, the circuit court has yet to reach the threshold issue that could render the matter ripe for our review – that of the enforceability of the arbitration agreement. Click remains of the position that Signature's appeal should be dismissed outright, arguing it is premature.

## Jurisdiction

While the parties dispute whether the circuit court's orders should be reviewed for error, neither party focuses its arguments directly or explicitly on the jurisdiction of this Court. Nevertheless, ensuring our jurisdiction is a determination we have an independent duty to address. *See Linden v. Griffin*, 436 S.W.3d 521, 524 (Ky. 2014), *as modified on denial of reh'g* (Aug. 21, 2014).

Generally, the scope of our review is that of final and appealable orders and of only certain, specific kinds of orders which are interlocutory. *Id.* at 524 (citing *Breathitt Cnty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 885 (Ky. 2009)). An appellate court lacks jurisdiction to review interlocutory, non-appealable orders. *Upper Pond Creek Volunteer Fire Department, Inc. v. Kinser*,

-6-

617 S.W.3d 328, 333 (Ky. 2020). There is no dispute as to whether the order at issue is interlocutory. Signature argues the orders are appealable pursuant to KRS 417.220(1)(a) which allows that "[a]n appeal may be taken from . . . [a]n order *denying* an application to compel arbitration made under KRS 417.060[4][.]" KRS 417.220(1)(a) (emphasis added), *see also Linden*, 436 S.W.3d at 524. Precedent of our Supreme Court confirms appellate jurisdiction per KRS 417.220(1)(a) is invoked under a very specific procedural posture: "Procedurally, under state law regarding arbitration, *if a court finds that as a matter of state contract law there is no arbitration agreement and denies the application to compel arbitration*, the moving party may file an immediate appeal under KRS 417.220(l )(a)[.]" *JPMorgan Chase Bank, N.A. v. Bluegrass Powerboats*, 424 S.W.3d 902, 907-08 (Ky. 2014) (citing *North Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010)) (emphasis added).[5]

Many factual matters are disputed by the parties here, including the substance of the oral rulings of the circuit court in hearings preceding the orders lifting the stay. However, there is no real dispute as to the procedural effect of the

[4] Per KRS 417.060, a party may seek a judicial order to compel arbitration upon a showing that a valid arbitration agreement exists and that the opposing party refuses to arbitrate.

[5] Previously, we have commented that the statutory framework of KRS 417.220 allows for interlocutory appeals specifically upon *denial* of a motion: "because an ordinary appeal at the close of litigation will often not provide an adequate remedy for the wrongful denial of a right to arbitrate[.]" *Conseco*, 47 S.W.3d at 340; *see also Kindred Hosps. Ltd. P'ship v. Lutrell*, 190 S.W.3d 916, 920 (Ky. 2006), *as corrected* (Jun. 12, 2006).

trial court's granting Click's motion to lift the stay. Although Signature asserts the order had the *effect* of denying its motion to compel arbitration and stay proceedings, elsewhere Signature concedes its motion to compel arbitration was once again pending for the circuit court's determination. By lifting the stay and setting aside its prior order, the circuit court did not deny Signature's motion to compel arbitration. In fact, the order merely reopened and deferred the determination of Signature's motion. However, KRS 417.220 "does not provide for the appeal of an order deferring a ruling on a motion to compel arbitration." *Stanton Health Facilities, LP v. Fletcher*, 454 S.W.3d 312, 314 (Ky. App. 2015).

Signature cites to no authority to establish the circuit court lacked the authority to reconsider the matter of arbitrability. Nevertheless, Signature requests that this Court forbid any reconsideration by the trial court, primarily through arguments that Click did not act in a timely manner by waiting for a period after entry of the order compelling arbitration before making the motion to lift the stay. Signature characterizes the motion to lift the stay as, in fact, an impermissible motion for reconsideration. However:

> There is nothing in the law that prevents a litigant from renewing a motion to the trial court before finality of the case. Until a final judgment is entered, all rulings by a court are interlocutory, and subject to revision.

*JPMorgan Chase Bank*, 424 S.W.3d at 909.

The parties dispute what occurred in the hearings before the circuit court. Upon review of the record, at the close of the hearing where Signature's motion to compel arbitration was first discussed, the circuit court gave Click thirty days from September 15, 2023, to supplement the record and show the agreement was contested. The circuit court granted the motion to compel arbitration and entered an order staying the case just nineteen days later, on October 4, 2023. More than a month after this, Click filed the motion to lift stay. In a response memorandum opposing Click's motion, Signature argued the motion was actually one to alter or amend per CR[6] 59.05 and was thus untimely per CR 59.02.

During the January 2024 hearing, Click's motions to lift the stay and to compel discovery were heard. Signature argued Click had been given an opportunity to contest the arbitration agreement at the prior hearing and had failed to do so. Click argued that the matter of arbitrability merited a period of discovery and that an evidentiary hearing on the matter should occur after Click had been given an opportunity to take evidence regarding the arbitration agreement.

The orders Signature appeals are sparse and contain no specific findings. Signature argues this constrains our review to questions of law, *Conseco*, 47 S.W.3d at 340. However, when *deciding* an application for arbitration, we have held a circuit court is bound by CR 52.01 and must set forth specific findings of

---

[6] Kentucky Rules of Civil Procedure.

fact and separate conclusions of law in its order or judgment. *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 348 (Ky. App. 2010) (citing *Conseco*, 47 S.W.3d at 340). We held in *Sloan* that any findings of fact and conclusions of law made orally by the circuit court could not be considered on appeal unless specifically incorporated into a written and properly entered order. *Id*.

Here, the circuit court had yet to decide the application for arbitration upon entry of the orders under appeal. And, while there were no oral findings of fact noteworthy for this review, we do note the circuit court inquired into the status of arbitration proceedings during the hearing and confirmed they had not yet commenced. It is additionally noteworthy that, while no party accurately recalled the timeline to the circuit court, through possible inadvertence or error, the order staying the case had been entered just nineteen days after Click had been given thirty days to supplement the record. The circuit court's decision to reconsider arbitrability was not arbitrary or unsupported by the record. Neither was the decision rendered after finality. We do not desire to interfere with a circuit court's reconsideration of an interlocutory order which may have been mistakenly entered in haste:

> . . . efficient judicial process mandates that a trial court correct an erroneous ruling before finality when possible. There is an expectation that trial courts will apply the correct law to matters before it. Certainly, if a court

believes before finality that it has made an error in the law, it is incumbent upon the court to correct the matter. *Cf. Potter v. Eli Lilly & Co.*, 926 S.W.2d 449, 453 (Ky.1996) ("[T]he trial court has a duty and a right to determine that its judgments are correct and accurately reflect the truth."), *abrogated on other grounds by Hoskins v. Maricle*, 150 S.W.3d 1 (Ky. 2004). To fail to do so strikes at the heart of what it means to get a fair trial in a court of law. After finality, the question becomes a matter for the appellate courts, which may be avoided by correct trial court action.

*JPMorgan Chase Bank*, 424 S.W.3d at 909.

Accordingly, insofar as the circuit court's order simply lifts the stay and opens the matter of arbitrability up for reconsideration by the circuit court, it is not an order within the scope of KRS 417.220(1)(a). Therefore, review is outside of our jurisdiction.

**Pretrial Discovery**

The central feature of the circuit court's orders that Signature asserts as an error of law is that the orders allow pretrial discovery. Furthermore, the aspect Signature emphasizes in the circuit court's orders is that they appear to require it to participate in discovery matters beyond arbitrability. In the motion to dismiss the appeal, Click has argued the orders only required Signature to participate in limited discovery. However, the plain language of either order under appeal lacks any language to limit the scope of discovery. The order compelling discovery directs "that each of the Defendants, shall respond to Plaintiff's

Interrogatories and Requests for Production of Documents, within twenty (20) days from the date of this Order." Furthermore, the order lifting the stay utilizes language indicating the very opposite of limitation, indicating that the circuit court "further allows discovery to proceed *on all issues*." (Emphasis added.) Accordingly, we agree with Signature that the orders plainly require it to participate in discovery beyond the issue of arbitrability while its motion to compel arbitration is pending.

While the order of the circuit court does not outright deny Signature's motion to compel arbitration, the order *does* require Signature to engage in discovery on the merits of the claim prior to the circuit court deciding the enforceability of the arbitration agreement. As we previously determined, Signature's motion to compel arbitration was again before the circuit court upon granting Click's motion to lift the stay. When a party such as Signature moves to compel arbitration, the circuit court must "decide under ordinary contract law whether the asserted arbitration agreement actually exist[ed] between the parties and, if so, whether it appli[ed] to the claim raised in the complaint." *Fletcher*, 454 S.W.3d at 315 (citing *N. Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 102 (Ky. 2010)).

KRS 417.060(4) requires "[a]ny action or proceeding involving an issue subject to arbitration *shall be stayed* if an order for arbitration *or an application therefor* has been made under this section[.]" (Emphasis added.)

Requiring a party to defend an action in court irreparably destroys the bargained-for contractual right to proceed in another forum. *North Fork Collieries, LLC*, 322 S.W.3d at 103. The costs and burdens of defending an action include pretrial discovery. *Fletcher*, 454 S.W.3d at 315. While a circuit court may appropriately order limited discovery on the issue of arbitrability while a motion to compel arbitration is pending, the circuit court may not order the party seeking arbitration to participate in discovery *on the merits* of the claim before deciding on the matter of arbitrability. *Id.* at 314-15.

Accordingly, insofar as the orders of the circuit court require Signature to participate in discovery beyond matters related to enforceability of the arbitration agreement, they are vacated.

## CONCLUSION

For the foregoing reasons, the order of the Floyd Circuit Court is vacated in part, and this matter is remanded with instructions that the circuit court enter an order limiting the scope of pretrial discovery to matters of arbitrability until such time as the court determines under state contract laws as to whether the parties entered a binding arbitration agreement.

ALL CONCUR.


BRIEFS FOR APPELLANTS:

Connor B. Egan
Kif H. Skidmore
Louisville, Kentucky

BRIEF FOR APPELLEES:

Glenn M. Hammond
Pikeville, Kentucky